JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

TIA PETERSON

## DEFENDANTS

P.F. CHANGS CHINA BISTRO, INC.

**(b)** County of Residence of First Listed Plaintiff __MONTGOMERY__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant __MONTGOMERY__
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Sidney L. Gold, Esquire - The Gold Law Firm, P.C.
1835 Market St., Ste. 515, Phila, PA 19103 215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII, ADA, FMLA, PHRA

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
150,000 IN EXCESS

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE
02/02/2026

SIGNATURE OF ATTORNEY OF RECORD
/S/ SIDNEY L. GOLD, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 10 Town Center Drive, Collegeville, Pennsylvania 19426

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.   Federal Question Cases:*                                    B.   *Diversity Jurisdiction Cases:*

☐ 1.   Indemnity Contract, Marine Contract, and All Other Contracts          ☐ 1.   Insurance Contract and Other Contracts
☐ 2.   FELA                                                                   ☐ 2.   Airplane Personal Injury
☐ 3.   Jones Act-Personal Injury                                             ☐ 3.   Assault, Defamation
☐ 4.   Antitrust                                                             ☐ 4.   Marine Personal Injury
☐ 5.   Wage and Hour Class Action/Collective Action                          ☐ 5.   Motor Vehicle Personal Injury
☐ 6.   Patent                                                               ☐ 6.   Other Personal Injury (*Please specify*):_____
☐ 7.   Copyright/Trademark                                                   ☐ 7.   Products Liability
☒ 8.   Employment                                                            ☐ 8.   All Other Diversity Cases:  (*Please specify*)
☐ 9.   Labor-Management Relations                                                    _____
☐ 10.  Civil Rights
☐ 11.  Habeas Corpus
☐ 12.  Securities Cases
☐ 13.  Social Security Review Cases
☐ 14.  Qui Tam Cases
☐ 15.  Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16.  All Other Federal Question Cases. (*Please specify*):_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| TIA PETERSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| P.F. CHANGS CHINA BISTRO, INC. | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court. (See reverse side of this form for a detailed explanation of special
　　management cases.)　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　(☑)

| | | |
|---|---|---|
| 02/02/2026 | /s/ Sidney L. Gold, Esquire | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 – Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TIA PETERSON, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | **CIVIL ACTION NO._____** |
| | : | |
| P.F. CHANGS CHINA BISTRO, INC., | : | |
| *Defendant.* | : | |
| _____ | : | |

### COMPLAINT AND JURY DEMAND

**I.    PRELIMINARY STATEMENT:**

1.      This is an action for an award of damages, attorneys' fees, and other relief on behalf of the Plaintiff, Tia Peterson ("Plaintiff"), a former employee of the Defendant, P.F. Changs China Bistro, Inc. ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2.      This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), the Family and Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA"), and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").

**II.    JURISDICTION AND VENUE:**

3.      The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391, as Plaintiff's claims are substantively based on Title VII, the ADA, and the FMLA.

4.      The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

1

5. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff has satisfied all other jurisdictional prerequisites to the maintenance of this action. On November 19, 2025, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission and this action has been filed within ninety (90) days of receipt of said notice.

## III. PARTIES:

6. Plaintiff, Tia Peterson ("Plaintiff"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 110 Goddard Blvd., Apt. 519, King of Prussia, Pennsylvania 19406.

7. Defendant, P.F. Changs China Bistro, Inc. ("Defendant"), is a corporation duly organized and existing under the laws of the State of Arizona, maintaining a place of business within the Commonwealth of Pennsylvania at 10 Town Center Drive, Collegeville, Pennsylvania 19426.

8. At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9. At all times material herein, the Defendant has been a "person" and "employer" as defined by Title VII, the ADA, the FMLA, and the PHRA, and has been, and is, subject to the provisions of each said Act.

## IV. STATEMENT OF FACTS:

10. Plaintiff was employed by the Defendant from on or about January 11, 2023, until April 20, 2024, the date of her termination.

11. Throughout her employment with the Defendant, Plaintiff held the position of Front of House Manager, and at all times maintained a satisfactory job performance in said role.

12.     Shortly after Plaintiff's hire, Maria Fimowicz ("Fimowicz"), Operating Partner, warned Plaintiff that Darryl Mighty ("Mighty"), Chef, had a history of abusing his managerial position to subject female subordinates to sexually harassing behavior. Fimowicz further disclosed that she had previously declined to promote Mighty to the role of Executive Chef due to his sexually inappropriate behavior with female employees.

13.     In or around early March 2023, Mighty began expressing romantic interest in Plaintiff and making unwanted sexual and romantic advances toward her.

14.     By way of example, Mighty began inviting Plaintiff to spend time with him outside of the workplace to "hang out" and "get to know each other better." Plaintiff rejected his invitations.

15.     Additionally, Mighty made lewd gestures toward Plaintiff at work, including rubbing his nipples over his clothing while gazing at Plaintiff in a sexually suggestive manner. Plaintiff repeatedly rejected Mighty's advances and verbally opposed this behavior.

16.     Eventually, Mighty began retaliating against Plaintiff for rebuffing his advances by screaming at her in front of coworkers and refusing to engage with Plaintiff in a work-related capacity, thereby creating significant difficulty in performing her job duties.

17.     As such, in or around mid-March 2023, Plaintiff registered a complaint of sexual harassment and retaliation with Stephen Hallett ("Hallett"), Market Partner. Hallett assured Plaintiff that he and Klaudia Jakubiak ("Jakubiak"), Human Resources Partner, would investigate her allegations.

18.     However, Defendant failed to interview Plaintiff as part of any alleged investigation or otherwise take appropriate remedial action.

19.    Instead, on or about March 23, 2023, Defendant retaliatorily demoted Plaintiff from the position of Senior Manager to the position of Front of House Manager.

20.    Moreover, Mighty continued to subject Plaintiff to retaliation, both for her rejection of his advances and her complaint of sexual harassment against him. Mighty's conduct continued throughout the following months, unabated and unaddressed by Defendant.

21.    As a result of the discriminatory and retaliatory conduct to which she was being subjected, on or about August 10, 2023, Plaintiff experienced an onset of symptoms of mental distress, culminating in an anxiety attack.

22.    On the same date, Plaintiff sought medical treatment in connection with her symptoms. Following an evaluation, Plaintiff was diagnosed with generalized anxiety disorder and depressive disorder. Said medical conditions constitute disabilities within the meanings of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") in that they substantially impair one or more of Plaintiff's major life activities.

23.    Thereafter, Plaintiff disclosed her disabilities to Lindsey Green ("Green"), Talent Acquisition Partner, and provided medical documentation substantiating the same. Additionally, Plaintiff requested to take a medical leave of absence from August 17, 2023, until September 5, 2023, to manage the symptoms of her disabilities at the recommendation of her physician. Defendant approved said request.

24.    While on medical leave, Plaintiff contacted Defendant and requested to temporarily reduce her work schedule to three (3) days per week upon her return to work. Plaintiff made said request at the direction of her physician as a reasonable accommodation for her disabilities.

25.    However, Defendant rejected Plaintiff's request for a reasonable accommodation and required that she return to work on a full-time basis on September 5, 2023.

26.    On or about November 17, 2023, Plaintiff was diagnosed with an upper respiratory infection and influenza. Plaintiff informed Defendant of her diagnoses and requested three days of medical leave at the direction of her treating physician. Plaintiff supplied documentation from her physician in support of her request.

27.    Thereafter, Plaintiff requested additional time off until December 1, 2023, and used paid time off to extend her recovery period, as recovery from her illnesses was taking longer than expected.

28.    In or around late November 2023, prior to her anticipated return to work, Plaintiff began to experience worsening symptoms associated with her disabilities. As such, Plaintiff requested additional medical leave from December 1, 2023, until January 22, 2024, as a reasonable accommodation.

29.    Despite Plaintiff's eligibility for job-protected leave under the Family and Medical Leave Act ("FMLA") effective January 11, 2024, Defendant failed to advise Plaintiff of her rights under said Act.

30.    Due to worsening symptoms, Plaintiff's treating physician recommended that she undergo uterine fibroid embolization as surgical intervention to treat her disabilities. As such, Plaintiff requested an extension of her medical leave until March 11, 2024, to undergo surgery and subsequently recover.

31.    Due to complications during her recovery from the procedure, on or about March 7, 2024, Plaintiff requested to extend her medical leave until March 14, 2024, as a reasonable accommodation for her disabilities.

32.     Thereafter, on or about March 8, 2024, Plaintiff learned that Defendant had awarded Mighty a promotion to the role of Executive Chef. In this capacity, Defendant effectively expanded Mighty's power over the terms and conditions of Plaintiff's employment.

33.     On the same date, Plaintiff registered another complaint of sexual harassment and retaliation with Kate McConnell ("McConnell"), Human Resources Representative. Plaintiff explained that she was fearful of retribution by Mighty in his elevated role and requested that Defendant implement measures to prevent further retaliation by Mighty.

34.     Thereafter, McConnell shared Plaintiff's concerns with Maria Ramson ("Ramson"), Senior Human Resources Business Partner. Plaintiff spoke with Ramson and reiterated her fear of retribution by Mighty upon her anticipated return to work.

35.     Failing to receive a substantive response, on or about March 28, 2024, Plaintiff again raised her concerns with Ramson via email and requested that Defendant take remedial measures on her behalf.

36.     Shortly thereafter, on or about March 31, 2024, Plaintiff informed Ramson that she had contacted the Equal Employment Opportunity Commission ("EEOC") to initiate claims against Defendant for workplace discrimination and retaliation.

37.     On or about April 16, 2024, Ramson notified Plaintiff that her allegations of sexual harassment and retaliation were investigated and deemed unsubstantiated. As evidence of the inadequacies of said "investigation," Defendant failed to so much as interview Plaintiff.

38.     As such, Defendant failed and refused to take any corrective action to rectify the overtly retaliatory and hostile work environment to which Plaintiff had been subjected, thereby allowing Mighty's known harassment to continue unabated.

39.     On or about April 20, 2024, Defendant terminated Plaintiff's employment, allegedly for failure to return to work.

40.     Plaintiff believes and avers that Defendant's articulated reason for her termination is pretextual and that her employment was actually terminated based on her actual and/or perceived disabilities and/or record of impairment and/or in retaliation for requesting reasonable accommodations for her disabilities and/or opposing discrimination in the workplace.

### COUNT I
**(Title VII – Hostile Work Environment, Sexual Harassment, Retaliation)**
**Plaintiff v. Defendant**

41.     Plaintiff incorporates by reference paragraphs 1 through 40 of this Complaint as though fully set forth at length herein.

42.     The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to a hostile work environment through various instances of sexual harassment, and retaliation for opposing unlawful sexual harassment in the workplace, constituted violations of Title VII.

43.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff has sustained permanent and irreparable harm, resulting in the termination of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

44.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (ADA – Disability Discrimination, Failure to Accommodate, Retaliation)
### Plaintiff v. Defendant

45.     Plaintiff incorporates by reference paragraphs 1 through 44 of this Complaint as though fully set forth at length herein.

46.     The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to discrimination based on her actual and/or perceived disabilities and/or record of impairment, failing to accommodate Plaintiff, and retaliating against Plaintiff for requesting reasonable accommodations for her disabilities and opposing unlawful discrimination in the workplace, constituted violations of the ADA.

47.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff sustained permanent and irreparable harm, resulting in the termination of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

48.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (FMLA – Interference)
### Plaintiff v. Defendant

49.     Plaintiff incorporates by reference paragraphs 1 through 48 of this Complaint as though fully set forth at length herein.

50.    The actions of the Defendant, through its agents, servants, and employees, in interfering with Plaintiff's ability to exercise her rights under the FMLA, constituted a violation of the FMLA.

51.    The aforesaid actions of the Defendant were willful, malicious, wanton, in bad faith, and in reckless disregard of Plaintiff's rights.

52.    As a direct result of the unlawful actions of the Defendant, as aforesaid, Plaintiff has suffered a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

**COUNT IV**
**(PHRA – Hostile Work Environment, Sexual Harassment,**
**Disability Discrimination, Failure to Accommodate, Retaliation)**
**Plaintiff v. Defendant**

53.    Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint as though fully set forth at length herein.

54.    The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to a hostile work environment through various instances of sexual harassment, discrimination based on her actual and/or perceived disabilities and/or record of impairment, failing to accommodate her disabilities, and retaliating against her for requesting reasonable accommodations for her disabilities and opposing unlawful sexual harassment and discrimination in the workplace, constituted violations of the PHRA.

55.    As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff has sustained permanent and irreparable harm, resulting in the termination of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

56.     As further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff has suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

57.     Plaintiff incorporates by reference paragraphs 1 through 56 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in her favor and against the Defendant, and order that:

a.     Defendant compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination and retaliation;

b.     Defendant compensate Plaintiff with an award of front pay, if appropriate;

c.     Defendant pay to Plaintiff punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d.     Defendant pay to Plaintiff pre- and post-judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e.     The Court award such other relief as is deemed just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands trial by jury.

THE GOLD LAW FIRM, P.C.

By:    <u>/s/ Sidney L. Gold, Esquire</u>
       SIDNEY L. GOLD, ESQUIRE
       I.D. No.:  21374
       1835 Market Street, Suite 515
       Philadelphia, PA 19103
       (215) 569-1999
       **Attorney for Plaintiff**

DATED:   February 2, 2026

## <u>VERIFICATION</u>

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.


DATE:_____
01/20/2027

_____
Tia Peterson (Jan 20, 2026 17:04:15 EST)
TIA PETERSON, PLAINTIFF